UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK HUDSON,** | : **Civil Action No.:** 1:23-cv-185 |
| | : |
| **Plaintiff,** | : |
| v. | : |
| | : |
| **METROPOLITAN PROPERTY AND** | : |
| **CASUALTY INSURANCE COMPANY** | : |
| **t/d/b/a METLIFE AUTO & HOME** | : |
| | : |
| **Defendant** | : |

## COMPLAINT

AND NOW, comes the Plaintiff, FRANK HUDSON, by and through his attorney, W. John Knox, Esq. of Sebald, Hackwelder & Knox, and files his Complaint against the Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, t/d/b/a METLIFE AUTO & HOME setting forth in support thereof the following:

## PARTIES

1. Plaintiff, FRANK HUDON, ("Insured") is an adult individual who currently resides at 511 East 25th Street, Erie, Pennsylvania 16503.

2. Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, t/d/b/a METLIFE AUTO & HOME is an insurance company ("MetLife"), with a principal place of business located at 200 Park Avenue, New York, NY 10166.

## JURISDICTION AND VENUE

1

3. The Insured brings his Complaint under federal diversity jurisdiction, 28 U.S.C. §1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391(b)(2).

**STATEMENT OF FACTS**

5. On or about May of 2020, the house next door to the Insured's house caught fire and caused secondary damage to the Insured's home located at 511 East 25th Street, Erie, Pennsylvania 16503 (the "Insured's Home").

6. Specifically, the May 2020 fire caused extensive heat damage to several windows and siding on the east and south side of the Insured's Home; fire damage to the soffit and fascia to the east and south sides of the Insured's Home; charring to one rafter tail; and minimal smoke and water damage to the interior of the Insured's Home.

7. At the time of the May 2020 loss, Frank Hudson did not have an insurance policy in effect that covered the loss and damages.

8. Thereafter, the Insured purchased a home insurance policy through MetLife Home & Auto, Policy No. H7997104450 (the "Policy").

9. On October 14, 2020, a second, more severe fire occurred at the Insured's Home, originating in the first floor of the east wall.

10. The October 2020 fire caused extensive smoke damage concentrated in the second floor area; damage to drywall on the ceilings and walls of the living room and dining room on the first floor and two bedrooms on the second floor.

11. The damage from the October 2020 fire was much more extensive than that of the May 2020 fire and as a result, will require much more extensive repairs in addition to the extensive cleaning, sealing and painting.

12. On or about June 15, 2021, MetLife engaged a Major Loss Adjuster, David Souder to generate a damage estimate of the Insured's Home. Mr. Souder generated a damage estimate with a Replacement Cost Value of $4,565.01; an Actual Cash Value of $3,946.09; and Net Claim Value of $2,946.09.

13. On or about April 29, 2021, the Insured engaged an independent adjuster, Bryan Finnicum of General Insurance Adjusting, LLC. Mr. Finnicum generated a damage estimate with a Replacement Cost Value of $75,635.98 for the Insured's Home.

14. On August 13, 2021, Bryan Finnicum authored a letter which was sent to counsel for MetLife:

> *The estimate provided by Mr. Souder is grossly understated. This is a clear attempt to deny coverage for items that were undamaged in the May fire but damaged in the October fire. Mr. Souder's estimate fails to account for the full amount of the damages to the structure. I have asked to meet at the loss site to adequately review the damages to allow clarification of our claim, this however has been refused. I have provided side by side photos of undamaged portions of the home after the May loss and visibly damaged after the October loss. This evidence has been ignored.*
>
> *Yourself and MetLife have failed to evaluate our claim objectively and have unreasonably disputed the value of our claim as a result. This dispute has caused an unjustified delay in paying this claim. In my opinion these actions are a clear account of bad faith in claim handling. I am requesting that MetLife reconsider the position taken and fairly and accurately assess the claim presented. I will again offer to meet at the loss site to further clarify the claim presented.*

(Exhibit A)

15. Under the Insured's Policy with MetLife, the Insured is afforded the option to have the Insured and MetLife agree to submit the claim to a separate appraiser.

16.     After the submission of Bryan Finnicum's August 13, 2021 letter, the Insured issued an Agreement for Submission to Appraisers to counsel for MetLife on or about February 10, 2022. (Exhibit B)

17.     MetLife in turn rejected the Agreement for Submission to Appraisers on or about February 10, 2022 (Exhibit C).

## COUNT I – BREACH OF CONTRACT

18.     The Insured incorporates by reference hereto all general allegations set forth in paragraphs 1 through 17 of his Complaint above.

19.     The Insured has fully complied with the terms, conditions and duties required under the Policy.

20.     Defendant MetLife has failed to objectively and reasonably evaluate the Insured's claims.

21.     Defendant MetLife has failed to promptly offer payment of the reasonable and fair value of the Insured's fire loss claim for the October 2020 fire.

22.     Defendant MetLife failed reasonably to investigate the Insured's claims inasmuch as a thorough and proper inquiry would have revealed that the Insured sustained damages to the Insured's Home which reasonable compensation would have required the Defendant to offer payment consistent with the damage estimate produced by General Insurance Adjusting, LLC.

23.     As the insurer of the Plaintiff-Insured, Defendant MetLife owes a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the Insured's fire damage claim in good faith and to arrive at a prompt, fair and equitable settlement.

24.     For the reasons set forth above, Defendant MetLife has violated its obligations under the policy.

WHEREFORE, the Plaintiff-Insured, Frank Hudson respectfully requests this Honorable Court to enter a judgment in his favor together with compensatory damages, punitive damages for common law bad faith, interest, costs of suit, attorneys' fees, and such other relief as this Honorable Court deems just and proper.

## COUNT II – BAD FAITH

25. The Insured incorporates by reference hereto all general allegations set forth in paragraphs 1 through 24 of his Complaint above.

26. The actions of the Defendant MetLife in handling the Plaintiff- Insured's fire damage claim constitutes bad faith as defined under 42 Pa. C.S.A. Section 8371, including the following reasons:

> (a) Engaging in dilatory and abusive claims handling;
>
> (b) Failing to adopt or implement reasonable standards in evaluating the fire damage claim of the Insured;
>
> (c) Acting unreasonably and unfairly in response to the fire damage claim;
>
> (d) Not attempting in good faith to effectuate a fair, prompt and equitable settlement of the fire damage claim of the Insured in which Defendant's liability under the Policy is reasonably clear;
>
> (e) Subordinating the interests of the Insured to its own financial monetary interest;
>
> (f) Failing promptly to offer payment of the fire damage claim of the Insured;
>
> (g) Failing reasonably and adequately to investigate the fire damage claim of the Insured;
>
> (h) Failing reasonably to evaluate or review the photographs, video footage and damage estimates in MetLife's possession;

(i) Violating the fiduciary duty owed to the Insured;

(j) Otherwise unreasonably and unfairly withholding fire damage benefits justly due and owing to the Insured;

(k) Compelling the Insured to file suit and engage in litigation when a reasonable evaluation of the claim would have avoided suit;

(l) Deliberately and intentionally acting in such a way as to obfuscate the process and not allowing for submission to appraisers which would result in a prompt and efficient means for the resolution of the fire damage claim of the Insured;

(m) Compelling the Insured to litigate these claims to recover amounts due under the Policy;

(n) Failing to make an honest, intelligent and objective settlement offer;

(o) Causing the Insured to expend money on the presentation of a fire damage claim;

(p) Causing the Insured to bear stress and anxiety associated with litigation;

(q) Otherwise unreasonably and unfairly withholding fire damage loss benefits justly and owing to the Insured;

(r) Failing to follow its own manual with regards to the evaluation and payment of fire damage loss claims; and

(s) Failing to pay the undisputed amount owed.

27.     As insurer for the Plaintiff – Insured, Defendant MetLife has a fiduciary, contractual and statutory obligation to him.

28. At all times relevant hereto, Plaintiff – Insured fully complied with the terms and conditions of the Policy and all terms precedent and subsequent to his right to recovery under the Policy

29. For the reasons set forth above, Defendant MetLife has violated the Policy of insurance and its obligations as an insurer; has failed to act toward the Plaintiff – Insured in good faith; and has violated 42 Pa.C.S.A. Section 8371 for which Defendant MetLife is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief that the Court deems appropriate under Pennsylvania law.

30. Defendant MetLife has engaged in wanton and reckless conduct with regards to the welfare, interest and rights of the Plaintiff – Insured and is liable for its bad faith conduct.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

**SEBALD, HACKWELDER & KNOX**

By_____
*/s/ W. John Knox, Esq.*
W. JOHN KNOX, Esq.
PA ID # 77484
137 East 13th Street
Erie, Pennsylvania 16503
Tel. 814-833-1987
E-Mail: wjk@shkerie.com
**Attorneys for Plaintiff, FRANK HUDSON**

Dated: June 15, 2023