IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK HUDSON, <br>        Plaintiff, <br><br> v. <br><br> ECONOMY FIRE & CASUALTY COMPANY, <br>        Defendant. | ) <br> )    C.A. No. 23-185 Erie <br> ) <br> )    District Judge Susan Paradise Baxter <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiff Frank Hudson initiated the present action on June 15, 2023, by filing a complaint against Metropolitan Property and Casualty Insurance Company t/d/b/a MetLife Auto & Home ("MetLife"). Pursuant to the parties' stipulation [ECF No. 4], the caption was subsequently amended by Order dated August 1, 2023, replacing MetLife with the proper insuring entity, Economy Fire & Casualty Company, as Defendant. [ECF No. 5].[1]

This case arises out of a fire that occurred at the Plaintiff's home at 511 East 25th Street, Erie, Pennsylvania ("Subject Property"), on October 14, 2020. The fire originated in the east wall of the first floor and allegedly caused extensive smoke damage to the second floor, as well as damage to drywall on the ceilings and walls of the first floor living room and dining room and two bedrooms on the second floor. (ECF No. 1, Complaint, at ¶¶ 9, 10). The Subject Property had previously sustained secondary damage from a house fire that occurred at a neighboring home in May 2020. (Id. at ¶¶ 5-6). At the time of the May 2020 incident, Plaintiff did not have

---

[1] Although not made clear by the parties, the Court has discovered that Defendant is a subsidiary of MetLife.

1

an insurance policy in effect that covered the loss and damages. (Id. at ¶ 7). Thereafter, Plaintiff obtained a home insurance policy through Defendant, which was in place at the time of the October 2020 fire. (Id. at ¶ 8).

According to Plaintiff, the damage from the October 2020 fire was much more extensive than the damage caused by the May 2020 incident and will require much more extensive repairs, as well as extensive cleaning, sealing, and painting. (Id. at ¶ 11). On or about April 29, 2021, Plaintiff engaged an independent adjuster, Bryan Finnicum ("Finnicum"), who generated a damage loss estimate for the Subject Property rendering a replacement cost value of $75,635.98. (Id. at ¶ 13). On or about June 15, 2021, Defendant obtained its own loss estimate from Major Loss Adjuster David Souder ("Souder"), regarding the damage caused to the Subject Property by the October 2020 fire. According to Souder, the damage was estimated at a replacement cost value of $4,565.01, an actual cash value of $3,946.09, and a net claim value of $2,946.09. (Id. at ¶ 12).

On August 13, 2021, Finnicum wrote a letter to Defendant's counsel stating, in pertinent part, as follows:

> The estimate provided by Mr. Souder is grossly understated. This is a clear attempt to deny coverage for items that were undamaged in the May fire but damaged in the October fire. Mr. Souder's estimate fails to account for the full amount of the damages to the structure. I have asked to meet at the loss site to adequately review the damages to allow clarification of our claim; this however has been refused. I have provided side by side photos of undamaged portions of the home after the May loss and visibly damaged after the October loss. This evidence has been ignored.
>
> Yourself and MetLife have failed to evaluate our claim objectively and have unreasonably disputed the value of our claim as a result. This dispute has caused an unjustified delay in paying this claim. In my opinion these actions are a clear account of bad faith in claim handling. I am requesting that MetLife reconsider the position taken and fairly and accurately assess the claim presented. I will again offer to meet at the loss site to further clarify the claim presented.

(Id. at ¶ 14; ECF No. 1-2).

After submission of Finnicum's letter, Plaintiff issued an Agreement for Submission to Appraisers to Defendant's counsel on or about February 10, 2022, for the purpose of obtaining a separate appraisal. (Id. at ¶ 16; ECF No. 1-3). This Agreement was rejected by Defendant. (Id. at ¶ 17; ECF No. 1-4). As a result, Plaintiff filed the instant lawsuit to recover monetary damages for breach of contract (Count I) and bad faith (Count II).

On September 7, 2023, Defendant filed a motion to dismiss the complaint [ECF No. 8], arguing that Plaintiff's breach of contract claim is barred by the one-year suit limitation provision contained in Plaintiff's insurance policy with Defendant, and that Plaintiff's allegations fail to state a cognizable bad faith claim. Plaintiff has filed a response [ECF No. 11] and brief [ECF No. 12] in opposition to Defendant's motion, to which Defendant has filed a reply brief [ECF No. 13]. This matter is now ripe for consideration.

## II.   DISCUSSION

### A.   Suit Limitation Provision

Plaintiff's policy with Defendant ("the Policy") contains the following suit limitation provision:

> SECTION I and II – General Conditions
>
> \*         \*         \*
>
> 12.   Lawsuits Against Us. No suit or action may be brought against us by you unless there has been full compliance with all of the terms of this policy.
>
>    A.   Under Section I of this policy [applicable here], *any suit or action seeking coverage must be brought within twelve months after the date of loss.*

(ECF No. 8, at ¶ 13) (emphasis added).

Defendant argues that application of the foregoing suit limitation provision bars Plaintiff's breach of contract claim as untimely because the present action was not filed within one year of the claimed loss that occurred on October 14, 2020. The Court agrees.

The general statute of limitations for a breach of contract claim under Pennsylvania law is four years. 42 Pa. C.S. § 5525. Under Pennsylvania law, however, "the parties to a contract may validly limit the limitations period to a shorter time 'which is not manifestly unreasonable.'" Palmisano v. State Farm Fire and Cas. Co., 2012 WL 3595276, at *9 (W.D. Pa., Aug. 20, 2012) (quoting 42 Pa. C.S. § 5501). In this regard, Pennsylvania courts and federal courts applying Pennsylvania law have routinely upheld contractual limitations periods of one year as reasonable. Id., at *9 (collecting decisions). See, e.g., Gen. State Auth. v. Planet Ins. Co., 346 A.2d 265, 267 (Pa. 1975) ("The law is clear that such a clause, setting time limits on the commencement of suits to recovery on a policy, is valid and will be sustained"); Commonwealth v. Transamerican Ins., 341 A.2d 74, 76 (Pa. 1975) ("This Commonwealth has long recognized the validity of a policy provision limiting the time of bringing suit under its terms and rendering the normal statute of limitations for the cause of action in question inapplicable"); Reinhart v Erie Ins. Co., 2015 WL 6159391, at *6 (Pa. Super. Apr. 13, 2015) ("The validity of the one-year limitation of suit provision in fire insurance policies has been consistently upheld by Pennsylvania Courts"); Mail Quip, Inc. v. Allstate Ins. Co., 388 F.Supp.3d 433, 438 (E.D. Pa. 2019) (Under Pennsylvania law, "[i]t is well-settled that a contractual provision limiting the time for commencement of suit on an insurance contract to a period shorter than that provided by an otherwise applicable statute of limitations is valid if reasonable"); Toledo v. State Farm Fire &

4

Cas. Co., 810 F.Supp. 156, 158 (E.D. Pa. 1992) (Failure to bring a claim within the limitation period in the Policy will result in an "absolute bar" to the claim).

Nonetheless, Plaintiff argues in his response that "the suit limitation language cited by the Defendant is not enforceable per other qualifying provisions of the Policy." (ECF No. 12, at p. 4). Specifically, Plaintiff cites a provision in the Policy entitled "Conformity to Law" which states that "[t]he terms of this policy that conflict with the laws of the state in which the insured premises are located are amended to conform to those laws." (Id.; ECF No. 8-2 at ¶ 7). Relying on this provision, Plaintiff argues that the Policy's suit limitation provision "conflicts with Pennsylvania law" and must be amended to conform to the four-year statute of limitations prescribed by Pa. C.S. § 5525. This argument is ill-founded.

Pa. C.S. §5501(a) expressly provides that "[a]n action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless, in the case of a civil action or proceeding, ... *a shorter time which is not manifestly unreasonable is prescribed by written agreement.* (emphasis added). As established by the foregoing litany of cases, a contractual provision limiting the time for commencement of suit on an insurance contract to one year is reasonable and enforceable under Pennsylvania law. Thus, Plaintiff's breach of contract claim will be dismissed as untimely.

### B.     Bad Faith

The Pennsylvania Superior Court has defined bad faith in the context of an insurance coverage dispute as:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

5

Palek v State Farm Fire and Cas. Ins., 2020 WL 5077461, at *7 (W.D. Pa. Aug. 26, 2020), quoting Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)).

"'To prevail in a bad faith insurance claim pursuant to [42 Pa. C.S.A.] Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" Gibson v. State Farm Mut. Auto Ins. Co., 994 F.3d 182, 190-91 (3d Cir. 2021), quoting Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 377 (Pa. 2017). However, "[a] complaint does not state a bad faith claim upon which relief can be granted where the bad faith claim is based only on 'bare-bones conclusory allegations' of bad faith." Kline v. Progressive Corp., 2019 WL 6875601, at *2 (M.D. Pa. Dec. 17, 2019) (quotation omitted); Satterfield v. Gov't Ins. Emp. Co., 2020 WL 7229763, at *2 (E.D. Pa. Dec. 8, 2020) (citing cases).

Here, Defendant argues that Plaintiff's claim essentially amounts to a dispute as to the value of the claimed loss, which does not rise to the level of bad faith conduct. (ECF No. 13, at p. 3). Defendant argues further that "[b]ad faith claims against an insurer will not be supported simply based on evidence that the insurer performed a short review or a brief investigation of the damage site in order to calculate the final value on a claim," thus implying that Plaintiff's bad faith claim is primarily based upon the brevity of Defendant's investigation/review of Plaintiff's damage claim. (ECF No. 8, at pp. 14-16). However, this is not the case. In fact, Plaintiff does not even make any allegations as to the length or duration of Defendant's investigation. Rather, Plaintiff alleges that the investigation by Defendant's adjuster, Souder, was not reasonable or adequate because he "fail[ed] to reasonably evaluate or review the photographs, video footage

and damage estimates in [Defendant's] possession," which were provided by Plaintiff's independent appraiser, Finnicum. (ECF No. 1, at ¶¶ 26(g)-(h)). Indeed, Plaintiff, through quoted portions of Finnicum's letter to Defendant, has alleged that such "evidence has been ignored." (Id. at ¶ 14).

Thus, the Court finds that Plaintiff's allegations are minimally sufficient to show that Defendant did not have a reasonable basis for denying insurance coverage and that Defendant "knew or recklessly disregarded its lack of reasonable basis in denying the claim" at the pleading stage. See, e.g., Cohen v. USAA Cas. Ins. Co., 2024 WL 625216, at *6 (E.D. Pa. Feb. 13, 2024), quoting Gold v. State Farm Fire & Cas. Co., 880 F.Supp.2d 587, 597 (E.D. Pa. 2012)("actionable bad faith encompasses behavior beyond the denial of a claim without a reasonable basis, including an insurer's investigation of a claim"); Hollock v. Erie Ins. Exch., 842 A.2d 409, 415 (Pa. Super. 2004)("an action for bad faith may also extend to the insurer's investigative practices"). Accordingly, Defendant's motion to dismiss Plaintiff's bad faith claim will be denied.

An appropriate Order follows.